Jacob M. Weisberg, SBN 049065
THE LAW OFFICE OF JACOB M. WEISBERG
844 N. Van Ness Avenue
Fresno, CA  93728
Telephone: (559) 441-0201
Facsimile: (559) 442-3164
Alan J. Reinach, of counsel SBN 196899

Attorneys for Plaintiff:  BRUCE NEAL

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE NEAL,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>EDISON SCHOOL DISTRICT,<br><br>　　　　　　Defendant. | CASE NO.<br><br>**COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES and INJUNCTIVE RELIEF**<br>**<u>JURY TRIAL DEMANDED</u>**<br><br>(1) Violation of Title VII of the Civil Rights Act of 1964 (Religious Harassment, Discrimination, Religion, National Origin and Sex, and Retaliation)<br>(2) Violation of Age Discrimination in Employment Act<br>(3) Violation of California Government Code § 12940, *et seq*. (Religious Harassment, Discrimination, Religion, National Origin, Sex and Age, and Retaliation |

## Introduction

Plaintiff, BRUCE NEAL, has been serving as a teacher with defendant, EDISON SCHOOL DISTRICT, for the past twenty years, in Bakersfield, California.  This is an action for violation of his civil rights arising out of his employment by the defendant, EDISON SCHOOL DISTRICT, with claims for discrimination on the basis of religion, national origin, sex and age, religious harassment [hostile work environment] and retaliation, under the applicable Federal Civil Rights laws, and ancillary claims under California state law.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### Parties

1. Plaintiff, BRUCE NEAL, [hereinafter "NEAL"] is an individual, and at all times herein mentioned was a resident of the County of Kern, State of California. He is male, over the age of forty (40) years, and his religion/national origin is Jewish.

2. Plaintiff has been employed by defendant, EDISON SCHOOL DISTRICT, as a teacher [hereinafter "DISTRICT"] for approximately twenty (20) years. Mark Holmes has served as NEAL's principal and supervisor from 1999 to June 30, 2008.

3. Defendant DISTRICT was at all relevant times herein a public school district, and an employer of more than 100 persons, and is a covered employer for the purpose of all statutes relied on in this complaint that prohibits discrimination.

### Jurisdiction and Venue

4. This action arises under 42 U.S.C. § 2000e-2(a)(1) and 29 U.S.C. § 633 et seq. Plaintiff seeks damages because Defendant intentionally and unlawfully harassed, discriminated, and retaliated against him in his employment causing him economic damages, emotional distress and other damages.

5. Jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §§ 1331, 1343, 1367, and 2201. Jurisdiction is founded upon the existence of a deprivation of Federal Civil Rights, and upon supplemental state law claims which are so related to the federal civil rights deprivations that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in the Fresno Division of the Eastern District of California because plaintiff's claim for relief arose therein in that all events and omissions on which the claims for relief are based occurred in Kern County, California.

7. Plaintiff timely filed charges with the Equal Employment Opportunity Commission and

the California Department of Fair Employment and Housing alleging discrimination based on religion and age, workplace harassment, and retaliation, received his notice of rights to file a lawsuit, exhausted his administrative remedies, and filed this complaint in a timely manner. [See Exhibits "A" through "C" annexed hereto, and incorporated herein.]

**Demand for Jury Trial**

8. Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

**FACTUAL ALLEGATIONS**

9. Plaintiff NEAL has encountered a pervasively anti-semitic discriminatory and hostile work environment based on his religion/national origin, Jewish, throughout his employment with defendant DISTRICT. For several years, he was forced to remove his yarmulke, a religious head covering worn by observant Jews, when on duty, despite the fact that the wearing of the yarmulke is a requirement of Jewish law, not merely a preference.

10. Plaintiff NEAL has extensive academic achievements. He earned his B.S. in Business Administration from the University of Maryland; an M.A. in General Administration also from the University of Maryland; a second major B.A. in Liberal Studies at California State University at Bakersfield in 1990, in order to obtain a State of California Multiple Subjects Teaching Credential; A M.Ed. in School Management from the University of La Verne in 1995 affording NEAL his Preliminary Administrative Services Credential; and a Ph.D. in Education from Common Wealth Open University in New York City. NEAL is also an Ordained Orthodox Rabbi.

11. Despite NEAL'S considerable expertise as a teacher and academic accomplishments, he has been consistently treated with scorn, abuse, disrespect and hostility by both administrators and co-workers. His school principal until the end of 2007 was Mark Holmes, who consistently spoke to NEAL in a rude, hostile, demeaning and harassing manner. This caused NEAL so much anxiety and

stress that he was forced to seek refuge in his classroom in order to avoid contact with Mr. Holmes. As an example, NEAL repeatedly asked Mr. Holmes to address him in a respectful manner as "Mr. Neal," "Dr. Neal," or "Rabbi Neal," but in any event to refrain from calling him by his first name, which NEAL found to be demeaning. Mr. Holmes refused, and continued to address plaintiff in an unprofessional and inappropriate manner, and in a hostile and abusive tone.  Mr. Holmes made it very clear that he was a strong Southern Baptist, and if you weren't a Christian, he didn't like you.

12.  Plaintiff suffered constant scorn and abuse from both co-workers and administrators on account of his Jewishness.  He was criticized for his dietary restrictions, and for the religious clothing that he wore.  He was subjected to hostile and negative comments on a consistent basis, about his being Jewish, and was shunned by his co-workers.  He was also subjected to ongoing Christian religious proselytism, and encouraged to change his religious beliefs and affiliation.

13.  Plaintiff NEAL was informed by other teachers that it was "dangerous" for them to be seen with him, and that they did not want to end up like him, so they would avoid helping him or dealing with him. As a result, plaintiff NEAL felt shunned and excluded by the other teachers, and deprived of the opportunity to enjoy normal collegial relations.

14.  Plaintiff NEAL endured years of constant harassment, abuse and criticism about what he ate during lunch, and his co-workers refused to eat with him. This caused plaintiff great embarrassment, humiliation, anxiety and stress. He finally decided to eat his lunch alone in his classroom rather than face continued hostility during the lunch break.

15.  Parties and school functions were frequently and deliberately scheduled for Friday evenings and Saturdays, when it was well known that Jewish teachers such as NEAL could not attend. This was done to exclude NEAL and the other Jewish teacher, Ms. Jean Bornstein. In 2004, Back-to-School Night was scheduled on September 16 which was on Rosh Hashanah, one of the Jewish "high holidays," despite such holidays being well known to school and district employees. This event was

-4-
**Neal v. Edison School District**   Complaint for Compensatory and Punitive Damages and Injunctive Relief

changed to the next date by a special board meeting. In 2005, the faculty photo was scheduled on October 5, which fell on Yom Kippur, the holiest day of the year in the Jewish calendar. Plaintiff NEAL informed administration of the conflict, but the school refused to change the date. In 2009, Back-to-School Night was scheduled on April 16, 2009 that fell on Passover, a Jewish holiday that the administration was informed of in writing in August 2008. Every year, when plaintiff NEAL was invited to the Christmas party, he would inform administration that he could not attend a "Christmas" party but would be delighted to attend a "holiday" party, and asked that the change be considered. Such a change was never considered or made; instead, administrators laughed at NEAL and subjected him to derisive comments. NEAL also reminded administrators that he could not attend parties on Friday night, because of a conflict with his religious observance of the Sabbath. These school functions were never rescheduled so as to include the Jewish teachers, Plaintiff NEAL and Ms. Bornstein.

16. Plaintiff NEAL complained to the District Superintendant, Sheri Saunders, about the anti-semitism and harassment, and her response was that if NEAL didn't like it, he should quit. Thereafter, NEAL experienced additional and intense harassment in retaliation for his opposing unlawful discrimination.

17. Plaintiff NEAL continued to oppose unlawful discrimination, harassment and retaliation in complaints to school administrators, which only resulted in further harassment, discrimination and retaliation.

18. Plaintiff NEAL was repeatedly given poor performance reviews, and issued Memorandums of Incidents ["MOI's] as part of the campaign of religious harassment and discrimination.

19. Plaintiff NEAL was also required to take unpaid leave to observe the Jewish holidays, in violation of both his civil and contract rights. Plaintiff NEAL faced constant criticism and negative remarks regarding his observance of the Jewish holidays.

20. Despite having obtained the academic credentials to qualify him to serve as a school principal or district superintendant, Plaintiff NEAL'S applications for principal were rejected, his references were not checked, he was not given consideration for promotion, and he was told in no uncertain terms that he did not need to apply. Plaintiff NEAL was also repeatedly excluded from applying for stipend positions. On information and belief, NEAL's promotional and stipend position opportunities were denied because of his religion and national origin – Jewish, and also because of his age and gender.

21. The stipend positions that plaintiff NEAL applied for, such as Mentor and Migrant Ed were awarded instead, to lesser qualified individuals who were younger, female and non-Jewish. He was not permitted to apply for the position of BTSA Coordinator, due to the negative and discriminatory performance evaluations he had been given. Frequently, when he was permitted to apply for stipend positions, he would be issued a rejection letter the same day of his interview, indicating that his rejection was due to his religion/national origin, Jewish, and/or his age and gender, rather than his qualifications.

22. The pervasive atmosphere of religious discrimination impacted the student body, as well as plaintiff NEAL. For example, when students were rehearsing for the annual Christmas program, those children who were Jehovah Witnesses were required to do busy work, effectively being punished for not participating in the religious program. During Ramadan, the Muslim children were required to go through the lunch line and remain in the lunch room, despite the fact that they were fasting during the day as a religious obligation. Such overt discrimination and harassment had a powerful impact on plaintiff NEAL as well as on the children directly involved, since it clearly communicated to him the message that those of other faiths were "second-class" citizens, at best, and barely tolerated. NEAL protested this discrimination and harassment against the children and offered his classroom as an alternative place for the children to be placed during the above-described activities.

-6-
**Neal v. Edison School District     Complaint for Compensatory and Punitive Damages and Injunctive Relief**

23. On information and belief, school employees made disparaging comments about NEAL'S religion to those at the School District office, accusing the Jewish teachers, NEAL and Ms. Bornstein, of using their religion to gain advantages, and causing school district employees to think negatively of the two Jewish teachers.

24. Contributing to the pervasively hostile work environment based on religion were a variety of ongoing Christian religious activities on campus. NEAL was regularly invited to Christmas parties held during the Sabbath hours, on Friday evenings and Saturdays. He was given Christmas cards. Christian prayer meetings were conducted on campus in classrooms during duty time, and notices inviting teachers to attend were regularly placed in teacher's mailboxes, including in NEAL'S mailbox, which was supposed to be reserved for official school business. This created a religious atmosphere on campus that made plaintiff NEAL feel like an outsider, and unwelcome, on account of his being Jewish, and not Christian.

25. On information and belief, school principal Mark Holmes and/or his associates searched plaintiff NEAL's classroom computers in an effort to develop charges against plaintiff, as plaintiff discovered that his computers had been tampered with, and files were missing. This was done as part of an ongoing campaign of discrimination, harassment and retaliation.

26. On information and belief, school principal Mark Holmes removed items from plaintiff's employment file, including especially documents indicating achievements, such as conferences attended, degrees and outside work.

27. In 2007, plaintiff NEAL filed formal charges against school principal, Mark Holmes, complaining of various matters including the violation of plaintiff's civil rights. In the course of the investigation of these charges, Mr. Holmes was placed on administrative leave, and eventually resigned. As a result of opposing unlawful discrimination and filing these formal charges, plaintiff NEAL suffered retaliation from other teachers. As the official investigation determined, this retaliation

was verified with respect to at least three teachers, who circulated a petition to classrooms referring to plaintiff's charges as "false accusations," and who also instigated and circulated a false allegation that the District was investigating plaintiff for child abuse. This false allegation of child abuse was also leaked to the press.

28. The resignation of Mr. Holmes as principal did not result in any change in the pervasive anti-semitic and religiously hostile work environment. Plaintiff NEAL continued to suffer from being shunned by his co-workers, being subjected to rude comments about his religious appearance, his religious diet, his observance of religious holidays, etc. The workplace continues to be a pervasively hostile and harassing environment.

29. As a consequence of the hostile work environment, religious discrimination and retaliation that NEAL suffered throughout his employment by defendant, he has experienced considerable stress and anxiety and workplace trauma, and is under medical care for post-traumatic stress disorder caused by his experience in the workplace.

## FIRST CAUSE OF ACTION

### Violation of Title VII of the Civil Rights Act of 1964
### Religious Discrimination – Harassment

30. Plaintiff incorporates by reference the allegations contained in paragraphs one (1) through twenty-nine (29) above, as though repeated and set forth in full herein.

31. Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-2(a)(1), it is an unlawful employment practice for an employer to discriminate against an employee on the basis of religion, and to create, condone, permit or fail and refuse to remedy a work environment that is hostile to an employee's religion. Plaintiff was at all times herein an employee covered by 42 U.S.C. 2000e, *et seq.*, prohibiting discrimination in employment on the basis of religion. Defendant was at all times herein an employer subject to 42 U.S.C. 2000e, *et seq*.

32. Defendant has created, tolerated and condoned a work environment that is pervasively hostile to Plaintiff NEAL on account of his religion/national origin - Jewish, has failed and refused to remedy this hostile work environment, and has permitted plaintiff NEAL to be harassed by both administrators and co-workers on account of his religion/national origin. Defendant has engaged in an ongoing and continuous course of religious harassment for many years creating an intolerable workplace, in breach of its statutory duties to plaintiff.  Plaintiff is informed and believes, and thereon alleges, that at all times herein relevant, each defendant was the agent, servant and employee of each of the remaining co-defendants and, in doing the things hereinafter alleged, was acting within the course and scope of said agency, employment and service with the advance knowledge, consent and ratification of each of the remaining defendants.

33. As a proximate result of defendant's religious harassment against plaintiff, plaintiff has suffered and continues to suffer substantial economic losses and has suffered and continues to suffer embarrassment, emotional distress, humiliation and mental anguish, all to his damage in an amount according to proof.

34. Attorney's fees are recoverable in an action for which they are specifically provided by statute.  Title 42 U.S.C. §§1988 and 2000e-5(k) provide that reasonable attorney's fees and costs are recoverable herein by the prevailing party.  As a result, plaintiff is entitled to reasonable attorney's fees and costs.

35. Defendant's conduct was despicable and the acts herein alleged were malicious, fraudulent and oppressive, and were committed with an improper and evil motive to injure plaintiff, amounting to malice and in conscious disregard of plaintiff's rights.  Plaintiff is thus entitled to recover punitive damages from defendant in an amount according to proof.

## SECOND CAUSE OF ACTION

### Violation of Title VII of the Civil Rights Act of 1964

**Discrimination on the basis of Religion / National Origin, and Sex**

36. Plaintiff incorporates by reference the allegations contained in paragraphs one (1) through thirty-five (35) above, as though repeated and set forth in full herein.

37. Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-2(a)(1), it is an unlawful employment practice for an employer:

> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

Plaintiff was at all times herein an employee covered by 42 U.S.C. 2000e, *et seq.*, prohibiting discrimination in employment on the basis of religion. Defendant was at all times herein an employer subject to 42 U.S.C. 2000e, *et seq*.

38. Defendant has wrongfully and systematically excluded plaintiff NEAL from available stipend positions that he was qualified for, and that he applied for, due to his religion/national origin – Jewish, and his sex. Defendant failed and refused to consider plaintiff's applications for such positions, and has failed and refused to hire him for the open positions, selecting instead, applicants whose experience and training were inferior to plaintiff's, who were not Jewish, and who were female. In so doing, defendant discriminated against plaintiff NEAL with respect to the terms, conditions and privileges of his employment as a teacher, in violation of subsection (a)(1) above; and further, limited plaintiff with respect to his opportunities for employment in stipend positions in violation of subsection (a)(2) above.

39. As a proximate result of defendant's discrimination on the basis of religion/national origin and sex, plaintiff has suffered and continues to suffer substantial economic losses and has suffered and continues to suffer embarrassment, emotional distress, humiliation and mental anguish, all to his damage in

an amount according to proof.

40. Attorney's fees are recoverable in an action for which they are specifically provided by statute. Title 42 U.S.C. §§1988 and 2000e-5(k) provide that reasonable attorney's fees and costs are recoverable herein by the prevailing party. As a result, plaintiff is entitled to reasonable attorney's fees and costs.

41. Defendant's conduct was despicable and the acts herein alleged were malicious, fraudulent and oppressive, and were committed with an improper and evil motive to injure plaintiff, amounting to malice and in conscious disregard of plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from defendant in an amount according to proof.

## THIRD CAUSE OF ACTION

### Violation of Title VII of the Civil Rights Act of 1964
### Retaliation

42. Plaintiff incorporates by reference the allegations contained in paragraphs one (1) through forty-one (41) above, as though repeated and set forth in full herein.

43. Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-3(a), it is an unlawful employment practice for an employer to retaliate against an employee who opposes unlawful discriminatory conduct; or asserts civil rights protected by this statute. Plaintiff was at all times herein an employee covered by 42 U.S.C. 2000e, *et seq.*, prohibiting discrimination in employment on the basis of religion/national origin and sex. Defendant was at all times herein an employer subject to 42 U.S.C. 2000e, *et seq*.

44. Plaintiff has repeatedly opposed defendant's unlawful discrimination on the basis of his religion/national origin throughout his employment by informing school officials and school district officials of the pervasive anti-semitism, ongoing religious discrimination and harassment he has suffered. Plaintiff's complaints about the ongoing discrimination and harassment have resulted in retaliatory conduct

by defendant DISTRICT'S administrators and employees, i.e., increased hostility and harassment due to his religion/national origin, and about his religious identity – Jewish.

45.  As a proximate result of defendant's retaliation against plaintiff, plaintiff has suffered and continues to suffer substantial economic losses and has suffered and continues to suffer embarrassment, emotional distress, humiliation and mental anguish, all to her damage in an amount according to proof.

46.  Attorney's fees are recoverable in an action for which they are specifically provided by statute.  Title 42 U.S.C. §§1988 and 2000e-5(k) provide that reasonable attorney's fees and costs are recoverable herein by the prevailing party.  As a result, plaintiff is entitled to reasonable attorney's fees and costs.

47.  Defendant's conduct was despicable and the acts herein alleged were malicious, fraudulent and oppressive, and were committed with an improper and evil motive to injure plaintiff, amounting to malice and in conscious disregard of plaintiff's rights.  Plaintiff is thus entitled to recover punitive damages from defendant in an amount according to proof.

## FOURTH CAUSE OF ACTION

### Violation of Age Discrimination in Employment Act

48.  Plaintiff incorporates by reference the allegations contained in paragraphs one (1) through forty-seven (47) above, as though repeated and set forth in full herein.

49.  Pursuant to the Age Discrimination in Employment Act, ("ADEA"), 29 U.S.C. § 633 et seq., it is an unlawful employment practice for an employer:

> (1)  to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;
>
> (2)  to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or

Plaintiff was at all times herein an employee whose age exceeds forty (40) years and is covered by ADEA,

-12-
**Neal v. Edison School District**         **Complaint for Compensatory and Punitive Damages and Injunctive Relief**

prohibiting discrimination in employment on the basis of age.  Defendant was at all times herein an employer subject to ADEA.

50. Defendant DISTRICT has systematically excluded plaintiff NEAL from obtaining stipend positions due to his age.  Defendant DISTRICT has both failed to consider plaintiff's applications, and has failed and refused to hire him for available positions, selecting instead, applicants whose experience and training were inferior to plaintiff's, and who were younger than forty (40) years old.  In so doing, defendant discriminated against plaintiff NEAL with respect to the terms, conditions and privileges of his employment as a teacher, in violation of subsection (a)(1) above; and further, limited plaintiff with respect to his opportunities for stipend employment on the basis of his age in violation of subsection (a)(2) above.

51. As a proximate result of defendant's age discrimination against plaintiff, plaintiff has suffered and continues to suffer substantial economic losses and has suffered and continues to suffer embarrassment, emotional distress, humiliation and mental anguish, all to his damage in an amount according to proof.

52. Attorney's fees are recoverable in an action for which they are specifically provided by statute.  Title 42 U.S.C. §§1988 and 29 U.S.C. § 216(b), 626(b) provide that reasonable attorney's fees and costs are recoverable herein by the prevailing party.  As a result, plaintiff is entitled to reasonable attorney's fees and costs.

53. Defendant's conduct was despicable and the acts herein alleged were malicious, fraudulent and oppressive, and were committed with an improper and evil motive to injure plaintiff, amounting to malice and in conscious disregard of plaintiff's rights.  Plaintiff is thus entitled to recover punitive damages from defendant in an amount according to proof.

### FIFTH CAUSE OF ACTION

**Violation of California Government Code § 12940, et seq.
Religious Harassment**

-13-

Neal v. Edison School District  Complaint for Compensatory and Punitive Damages and Injunctive Relief

54. Plaintiff incorporates by reference the allegations contained in paragraphs one (1) through fifty-three (53) above, as though repeated and set forth in full herein.

55. Pursuant to the California Government Code, § 12940, *et seq.*, it is an unlawful employment practice:

> (j) (1) For an employer…because of…religious creed…national origin…, to harass an employee…. Harassment of an employee…shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action. An entity shall take all reasonable steps to prevent harassment from occurring. Loss of tangible job benefits shall not be necessary in order to establish harassment.

Plaintiff was at all times relevant herein an employee covered by the California Government Code § 12940, *et seq.* Defendant DISTRICT was at all times relevant herein an employer subject to the California Government Code§ 12940, *et seq.*

56. Defendant DISTRICT has created, tolerated and condoned a work environment that is pervasively hostile to plaintiff NEAL on account of his religion/national origin - Jewish; and has permitted its administrators and employees to harass plaintiff, creating intolerable working conditions. Despite its knowledge of said harassment, defendant DISTRICT has failed and refused to take "all reasonable steps" necessary to prevent harassment from occurring, in breach of its statutory duties to plaintiff.

57. As a proximate result of defendant DISTRICT'S religious harassment, plaintiff has suffered and continues to suffer substantial economic losses and has suffered and continues to suffer embarrassment, emotional distress, humiliation and mental anguish, all to his damage in an amount according to proof.

58. California Code of Civil Procedure § 1021 provides that attorney's fees are recoverable in an action for which they are specifically provided by statute. Government Code § 12965(b) provides that reasonable attorney's fees and costs are recoverable herein by the prevailing party in an action under the Fair Employment and Housing Act. As a result, plaintiff is entitled to reasonable attorney's fees and costs.

-14-
**Neal v. Edison School District**         **Complaint for Compensatory and Punitive Damages and Injunctive Relief**

59. Defendant's conduct was despicable and the acts herein alleged were malicious, fraudulent and oppressive, and were committed with an improper and evil motive to injure plaintiff, amounting to malice and in conscious disregard of plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from defendant in an amount according to proof.

## SIXTH CAUSE OF ACTION

**Violation of California Government Code § 12940, et seq.**
**Discrimination on the basis of Religion / National Origin, Sex and Age**

60. Plaintiff incorporates by reference the allegations contained in paragraphs one (1) through fifty- nine (59) above, as though repeated and set forth in full herein.

61. Pursuant to the California Government Code, § 12940, *et seq.*, it is an unlawful employment practice:

> (a) For an employer, because of the…, religious creed…national origin…sex, age…to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

Plaintiff was at all times relevant herein an employee covered by the California Government Code § 12940, *et seq.*, and is male, Jewish and above forty (40) years of age. Defendant DISTRICT was at all times relevant herein an employer subject to the California Government Code§ 12940, *et seq.*

62. Defendant has wrongfully and systematically excluded Plaintiff NEAL from available stipend positions that he was qualified for, and that he applied for, due to his religion / national origin – Jewish, age, and or his sex. Defendant failed and refused to consider Plaintiff's applications for such positions, and has failed and refused to hire him for the available positions, selecting instead, applicants whose experience and training were inferior to Plaintiff's, who were younger, female and not Jewish. In so doing, Defendant discriminated against Plaintiff NEAL with respect to the terms, conditions and privileges of his employment as a teacher.

63. As a proximate result of defendant DISTRICT'S discrimination on the bases of religion /

national origin, sex and age, plaintiff has suffered and continues to suffer substantial economic losses and has suffered and continues to suffer embarrassment, emotional distress, humiliation and mental anguish, all to his damage in an amount according to proof.

64. California Code of Civil Procedure § 1021 provides that attorney's fees are recoverable in an action for which they are specifically provided by statute. Government Code § 12965(b) provides that reasonable attorney's fees and costs are recoverable herein by the prevailing party in an action under the Fair Employment and Housing Act. As a result, plaintiff is entitled to reasonable attorney's fees and costs.

65. Defendant's conduct was despicable and the acts herein alleged were malicious, fraudulent and oppressive, and were committed with an improper and evil motive to injure plaintiff, amounting to malice and in conscious disregard of plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from defendant in an amount according to proof.

## SEVENTH CAUSE OF ACTION

### Violation of California Government Code § 12940, et seq.
### Retaliation

66. Plaintiff incorporates by reference the allegations contained in paragraphs one (1) through sixty – five (65) above, as though repeated and set forth in full herein.

67. Pursuant to the California Government Code, § 12940, *et seq.*, it is an unlawful employment practice:

> (h) For an employer...to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part, or because the person has filed a complaint, testified or assisted in any proceeding under this part.

Plaintiff was at all times relevant herein an employee covered by the California Government Code § 12940, *et seq.* Defendant DISTRICT was at all times relevant herein an employer subject to the California Government Code § 12940, *et seq.*

68. Plaintiff has repeatedly opposed defendant's unlawful harassment and discrimination on the

-16-
**Neal v. Edison School District**   Complaint for Compensatory and Punitive Damages and Injunctive Relief

basis of his religion/national origin throughout his employment by informing school officials and school district officials of the pervasive anti-semitism, ongoing religious discrimination and harassment he has suffered. Plaintiff's complaints about the ongoing discrimination and harassment have resulted in retaliatory conduct by defendant DISTRICT'S administrators and employees, i.e., increased hostility and harassment due to his religion/national origin, and about his religious identity – Jewish.

69. As a proximate result of defendant DISTRICT'S religious discrimination, plaintiff has suffered and continues to suffer substantial economic losses and has suffered and continues to suffer embarrassment, emotional distress, humiliation and mental anguish, all to her damage in an amount according to proof.

70. California Code of Civil Procedure § 1021 provides that attorney's fees are recoverable in an action for which they are specifically provided by statute. Government Code § 12965(b) provides that reasonable attorney's fees and costs are recoverable herein by the prevailing party in an action under the Fair Employment and Housing Act. As a result, plaintiff is entitled to reasonable attorney's fees and costs.

71. Defendant's conduct was despicable and the acts herein alleged were malicious, fraudulent and oppressive, and were committed with an improper and evil motive to injure plaintiff, amounting to malice and in conscious disregard of plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from defendant in an amount according to proof.

WHEREFORE, plaintiff prays judgment against defendant as follows:

1. Issue a declaratory judgment that the acts, policies, practices and procedures of defendant complained of herein violated and continue to violate plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq* ; The Age Discrimination in Employment Act, 29 U.S.C. § 633 et seq., and the California Fair Employment and Housing Act, Government Code § 12940, *et seq.*.

2.   Order defendant to make plaintiff whole by ordering defendant to pay plaintiff general damages including back pay, front pay, emotional distress and other compensatory damages, according to proof.

3.   Order defendant to pay punitive damages in an amount appropriate to punish defendant for its wrongful conduct and to set an example for others;

4.   Issue a permanent injunction against defendant to enjoin it from engaging in, committing or performing, directly or indirectly, any harassment, discrimination, or retaliation of any kind against plaintiff; and further issue an injunction requiring defendant DISTRICT to eliminate the hostile work environment, the anti-semitism, shunning and harassment of plaintiff.

5.   Order defendant to pay plaintiff reasonable attorney's fees pursuant to 42 U.S.C. §§1988 and 2000e-5(k); 29 U.S.C. § 216(b), 626(b) and California Government Code § 12965(b).

6.   Order defendants to pay plaintiff's costs of suit herein incurred; and prejudgment interest, and

7.   For such other and further relief as the court deems just and proper.

Dated: April 20, 2009, at Fresno, California.


       /s/ Jacob M. Weisberg
JACOB M. WEISBERG,
Attorney for Plaintiff, BRUCE NEAL

Alan J. Reinach, of counsel

-18-
**Neal v. Edison School District**   **Complaint for Compensatory and Punitive Damages and Injunctive Relief**